IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER MILLS, #289156<br>Petitioner | * | |
| | * | |
| v. | | Civil Action No. WDQ-04-2002 |
| | * | |
| JAMES P. PEGUESE, Warden, *et al.*<br>Respondents | * | |

oOo
## MEMORANDUM

Pending is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, as amended, filed by Christopher Mills, an inmate at the Maryland House of Correction-Annex. Petitioner contests his 1999 convictions in the Circuit Court for Baltimore City, Maryland for first degree felony murder and related offenses. Papers Nos. 1 and 26. Respondents, James P. Peguese, Warden of the Maryland House of Correction-Annex and J. Joseph Curran, Jr., the Attorney General of the State of Maryland, through counsel, have filed an answer and exhibits in opposition. Paper No. 18.

Upon review of the pleadings, exhibits, and applicable law, the court finds no need for an evidentiary hearing.[1] See 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254

---

[1] Petitioner has also filed a motion for appointment of counsel. Paper No. 21. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Here, it is apparent that petitioner can adequately represent himself, and an evidentiary hearing is not necessary, as the petition is without merit. Therefore, petitioner's motion for appointment of counsel will be denied.


SCANNED

Cases in the United States District Courts. For the reasons that follow, the petition will be denied.[2]

## I. Procedural Background

On September 23, 1999, a jury sitting in the Circuit Court for Baltimore City found petitioner guilty of attempted robbery with a dangerous and deadly weapon, conspiracy to commit armed robbery, burglary, conspiracy to commit burglary, and felony murder.[3] Paper 18, Exhibit 10 at 25-30. On November 17, 1999, the court sentenced him to life without the possibility of parole for first degree felony murder and imposed a concurrent twenty-year sentence for conspiracy to commit armed robbery. Paper No. 18, Exhibit 11 at 51-53.

In an unreported opinion filed on August 27, 2001, the Court of Special Appeals of Maryland affirmed the convictions. Paper No. 18, Exhibit 14. Through counsel, Mills pursued further review of his case in the Court of Appeals of Maryland. Paper No. 18, Exhibit 15 at 2. In addition, acting on his own behalf, Mills filed his own amendment in the case. Paper No. 18, Exhibit 18. The Maryland Court of Appeals denied the petition, as amended. Paper No. 18, Exhibits 17 & 19. The Supreme Court of the United States declined certiorari review on April 22, 2002. See Mills v. Maryland, 535 U.S. 1025 (2002); Paper No. 18, Exhibit 21.

---

[2]On June 6, 2005, petitioner filed a motion to "postpone" the court's decision pending the post conviction court's opportunity "to fully litigate the issue setforth [sic] herein within the state court." Paper No. 28. Petitioner no longer has any direct appeal or post conviction remedies available in connection with the claims he raises here. See infra, Part I. Further, the number of petitions for post conviction relief that can be filed at the circuit court level with respect to a particular trial is limited to one. See 1995 Md. Laws, Ch. 110. In addition, the claims he intends to present are essentially the same as those he previously and unsuccessfully presented to the state courts. Petitioner provides no reason to assume the state post conviction court will consider, or more appropriately reconsider, these claims. Accordingly, the motion will be denied.

[3]Mills and his cousin, Carlos Halcomb, were both convicted of the murder of Leona Gast Klimm. The facts of the case were summarized by the Court of Special Appeals of Maryland. Paper No 18, Exhibit 14 at 2-6. Specific reference will be made to the facts as they pertain to the issues presented in the instant petition.

2

Mills commenced post conviction proceedings in the Circuit Court for Baltimore City on November 27, 2002. Paper No. 18, Exhibits 1 and 22. Hearings were held on March 27, 2003 and May 15, 2003. Paper No. 18, Exhibits 25 & 26. The post conviction court denied relief in a written decision dated May 27, 2003. Paper No. 18, Exhibit 26.

By order dated September 25, 2003, the Circuit Court of Baltimore City granted Petitioner's motion to reopen post conviction proceedings to allow for the filing of an application for leave to appeal from the denial of post conviction relief. Paper No. 18, Exhibits 27 & 28. The Court of Special Appeals summarily denied review of the post conviction appeal. Paper No. 18, Exhibits 29 & 30. The mandate issued on April 15, 2004. Id.

## II. Claims Presented

In his application for federal habeas relief, petitioner claims that: 1) the trial court erred by admitting a letter addressed to "JoJo" (Paper No. 1, memorandum at 1-6); 2) the trial court's instruction and verdict sheet deprived him of an unanimous verdict (see id. at 6-9); and 3) the trial judge should have recused himself at sentencing (see id. at 9-12). In addition, petitioner contends the state post conviction court erred by rejecting his claim that trial counsel provided ineffective assistance by: 4) failing to request recusal of the trial judge prior to trial ( see id. at 12-20); 5) failing to request an in-court line-up prior to John Gast's in-court identification of Mills [4] (see id. at 20-21); 6) misleading petitioner during a plea hearing before trial (see id. at 22-27); 7) quoting from two letters (see id. at 28-31); 8) failing to obtain handwriting samples from Amy and Carlos Halcomb (see id. at 31-34); 9) failing to challenge the testimony of Amy Halcomb (see id. at 34-36); 10) failing to produce a photograph of petitioner before and at trial ( see id. at 36-39); and 11)

---

[4] John Gast is the victim's great nephew. Paper No. 18, Exhibit 14 at 4.

3

failing to timely request sequestration of witnesses. (See id. at 39-40). Further, petitioner complains that the state post conviction court erred by: 12) rejecting the claim that petitioner was not present at all stages of trial ( see id. at 41-42); and 13) failing to make findings of fact relative to each allegation of error. (See id. at 42-43).

### III. Standard of Review

This petition is subject to the provisions of the federal habeas statute, 28 U.S.C. § 2254, as amended, which provides a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333 n.7. (1997). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court held that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409-410.

Furthermore, when a state court has made a finding of fact, it is presumed to be correct and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**IV. Analysis**

1. Admission of the "Jo-Jo" letter at Trial

Petitioner complains the trial court erred by admitting a letter to "'Jo Jo' from the 'Homeless New York Kid.'" On direct appeal, petitioner, through counsel, argued that letter had been altered. Paper No. 18 Exhibit 14 at 5 n. 4. Whether the trial court erred as a matter of law in the admission of evidence does not raise a cognizable ground for relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner, however, neither presents now, nor did he on direct appeal, any allegation of federal constitutional infringement in regard to this claim.[5]

In order for a federal court to review an application for habeas relief, a prisoner must be "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68. Absent allegation of federal constitutional violation, the claim is not cognizable on federal habeas review.

2.   Jury Instructions and Verdict Sheet

Petitioner next contends that the trial court's instructions to the jury and the verdict sheet

---

[5]The court is mindful that petitioner is a pro se litigant and has endeavored to accord his pleadings liberal construction. See Haines v. Kerner 404 U.S. 519, 520 (1972). To the extent he attempts to recast his claim as a federal issue in his response, Paper No. 24, the claim is procedurally defaulted. See Gray v. Netherland, 518 U.S. 152, 161-65 (1966); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).

used by the jury deprived him of a unanimous verdict. As presented here, and in state court, Mills fails to raise any claim of federal constitutional error. Paper No. 18, Exhibit 12 at 2, Exhibit 15 at 2, Exhibit 18 at 2. Generally, questions of jury instruction are a matter of state law, not cognizable on federal *habeas* review, unless a specific constitutional issue is implicated that calls into question the Due Process Clause. See Sandstrom v. Montana, 442 U.S. 510 (1979). Accordingly, the claim is not cognizable on federal review. See 28 U.S.C. §2254(d) see also Estelle, 502 U.S. at 67-68.

3.   Recusal by Trial Judge

The third proffered claim is that the trial judge erred by refusing to recuse himself at sentencing. Paper No. 1, memorandum at 9-12. Petitioner argues the court had "predetermined" his sentence, thus warranting recusal.[6] Paper No. 1, memorandum at 12; Paper No. 18, Exhibit 6 at 32-33; Exhibit 11 at 29-54.

The Court of Special Appeals of Maryland on direct review found no merit to this claim:

> Appellant asked Judge Themelis to recuse himself. Prior to trial the judge said that he had heard the evidence in Halcomb's trial and that he was going to impose a sentence no shorter than the life without parole given to Halcomb. Appellant contends that "the court had predetermined the sentence it was going to impose[.]"
>
> The standard of review, as applied by this Court in Carey v. State, 43 Md. App. 246, 249, cert. denied, 286 Md. 744 (1979), requires that a judge recuse himself where he is prejudiced toward or biased against a defendant. Id. at 249. This Court recognizes the "assumed proposition that 'judges are men of discernment, learned and experienced in the law and capable of evaluating the materiality of evidence.'" State v. Hutchinson, 260 Md. 227, 237 (1970)(quoting State v. Babb, 258 Md. 547, 550 (1970)). Nevertheless, we realize that there may be times when a judge may be "unwittingly influenced by some previous exposure to the facts of the case." In Re George G., 64 Md. App. 70, 75 (1985). We are persuaded that that did not occur in the instant case.

---

[6]Prior to trial, Mills had agreed to plead guilty to second degree murder in exchange for a sentence of 30 years with all but 10 years in prison suspended. Paper No. 18, Exhibit 6 at 16. During allocution, Mills changed his mind and withdrew the guilty plea. See id. at 32.

> The record, read in full, indicates that Judge Themelis attempted to clarify for appellant that he would be in no different position than the co-defendant if he were to be convicted.
>
> > [THE COURT:] Your lawyers have their jobs. The State has their job. I have my job. My job is to insure you get a fair trial and I'll do that and then if and in the event you are convicted, I'll sentence you based upon conscience and the facts in the case as I've heard them, do you understand that?
> >
> > [APPELLANT:] Yes, Sir.
> >
> > [THE COURT:] And do you further understand the fact that I gave the codefendant life without parole and all of the evidence in that case showed that you killed her, not him. I'm not saying that evidence is admissible in this case, but only to show you that I gave him life without parole, thinking that all he did was participate in the robbery-murder, do you understand?
> >
> > [APPELLANT:] Yes, Sir.
>
> The quoted dialogue does not indicate that Judge Themelis was "unwittingly influenced" by his exposure to the facts of the case. When asked by appellant's counsel to recuse himself from sentencing based on his comments during the pre-trial negotiations, Judge Themelis stated, "I had no intentions of treating him differently" than his co-defendant, Carlos Halcomb. We have no reason to doubt Judge Themelis' capability of evaluating the materiality of the evidence. We find no basis for a recusal.

The Due Process Clause guarantees litigants an impartial judge, reflecting the principle that "no man is permitted to try cases where he has an interest in the outcome." In re Murchison, 349 U.S. 133, 136 (1955). Upon review of the pleadings, exhibits, and applicable law, this court determines that Mills has failed to show the state decision was contrary to clearly established federal law, as articulated by the U.S. Supreme Court, or was based on either an unreasonable application of established principles or an unreasonable determination of the facts. See 28 U.S.C. §2254(d); see also Williams v. Taylor, 529 U.S. at 376. The state appellate court's review of the facts is supported by the record and its decision was not unreasonable.

7

4.-11. Ineffective Assistance of Counsel

Constitutionally ineffective assistance of counsel claims are governed by standards well settled since Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Mills must show his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. See id. at 687. To demonstrate actual prejudice from deficient performance, it must be shown there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. According to Strickland, there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. See id. at 688-89. Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. See id. at 697. Of the eight claims of ineffective assistance of counsel, raised by Mills in his §2254 petition, none presents a basis for habeas corpus relief.

A. Ineffective Assistance for Failure to Request Recusal

Petitioner claims counsel's failure to request recusal by the trial judge in advance of trial amounts to ineffective assistance. The state post conviction court considered this claim and ruled:

> Petitioner alleges that he was prejudiced by Judge Themelis presiding over his trial for the following reasons: 1) the tone of the judge's voice following qualifications for the guilty plea and 2) the fact that Judge Themelis presided over his codefendant's case.
>
> During the post conviction hearing, Petitioner did not point to any comment or ruling that would reflect that he was denied a fair opportunity to present his defense. Judge Themelis did not act as a fact finder in the Petitioner's case to the jury. Moreover, the judge did not make any rulings regarding the Petitioner's guilt or innocence. See McFadden v. State, 42 Md. Appl 720, 729 (1979) (holding that a judge "who was to preside over a jury trial need not recuse himself merely because

> he presided over an earlier trial...the court reasoned that the judge was not the fact finder and was not, therefore, in a position to be influenced by any testimony which he had heard on an earlier occasion."). Furthermore, following the qualifications for the guilty plea, Judge Themelis simply informed the Petitioner that if he were convicted, the court would not treat him any different than his co-defendant, Mr. Carlos Halcomb.
>
> ...Petitioner has failed to prove that Judge Themelis presiding over his trial prejudiced his defense. There is no basis for post conviction relief for Petitioner on this allegation.

Paper No. 18, Exhibit 26, 5-7. Under the highly deferential standard for evaluating state-court rulings, there is no cause to disturb the state court's ruling under 28 U.S.C. §2254(d). As noted earlier, the Court of Special Appeals of Maryland reasonably found there was no cause for recusal at sentencing. See infra pp. 6-7. The record fails to suggest that a similar ruling regarding recusal at trial would have been in error.

Further, petitioner neither demonstrates how his attorney's performance fell below an objective standard of reasonableness nor how he suffered actual prejudice. See Strickland, at 466 U.S. at 697-698. He posits that had trial counsel moved successfully for recusal, the "Jo-Jo" letter would never have been admitted. Paper No. 1, memorandum at 16. There was no dispute, however, that petitioner authored the letter. Paper No. 18, Exhibit 14 at 7. The question of who had made the alterations to the letter was a factual matter for the jury. See id.

B. Ineffective Assistance for Failure to Request In-Court Line-Up

The next claim presented is that trial counsel was ineffective for failing to request an in-court line-up prior to John Gast's in-court identification of petitioner. The state post conviction court rejected this claim noting petitioner was not entitled to be placed in a lineup upon his request under Bowen v. State, 5 Md. App. 713, 716 (1969), and there was no basis for post conviction relief. Paper

No. 18 Exhibit 26 at 7.

The trial court considered at length whether John Gast would be permitted to testify. Paper No. 18, Exhibit 5 at 3-40 (pretrial motion to suppress Gast's testimony) and Paper No. 18, Exhibit 7 at 163-65 and Exhibit 8 at 66-67 (trial court required production of case law to show admissibility of testimony). At trial, Gast testified that upon seeing petitioner at a hearing in Carlos Halcomb's case, he notified a police detective and the prosecutor that petitioner was the man who had come to the victim's back door several months prior to the murder. At that time, petitioner had identified himself to Gast as someone known to the victim as "Steven." Gast testified that the victim denied acquaintance with "Steven" at that time and acted in a startled manner. Paper No. 18, Exhibit 8 at 76-95. In instructing the jury, the trial court directed this testimony could only be used for the limited purposes of establishing identity and or a plan. Paper No. 18, Exhibit 9 at 112-13. On appeal, the Court of Special Appeals of Maryland affirmed the trial court's decision.

There is no basis here to conclude the state post conviction court's decision was an unreasonable application of Strickland as contemplated under 28 U.S.C. §2254(d). The fact that counsel did not request a line-up does not amount to ineffective assistance. Had a line-up been conducted, Gast may well have identified petitioner. Had Gast been unable to identify petitioner in a line-up, there is no basis shown to conclude Gast's relevant testimony would necessarily have been excluded. Petitioner has not met his burden to show that counsel's actions were unreasonable or prejudiced the outcome of his case.

C. Ineffective Assistance for Misleading during Plea Hearing

Petitioner faults trial counsel for misleading him during the plea hearing. Petitioner contends that trial counsel failed to "adequately explain the conditions of the plea agreement." in regard to the

terms of probation as well as to inform him that the "court breached the plea agreement." Paper No. 1, memorandum at 27.

In its decision, the state post conviction court at the circuit level ruled:

> When a plea has been offered or suggested by the State, trial counsel is required to advise his client of the plea. <u>Williams v. State</u>, 326 Md. 367, 378 (1992). Trial counsel is also required to advise the defendant as to whether the plea should be accepted. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), <u>Libretti v. United States</u>, 516 U.S. 29 (1995) and <u>Williams v. State</u>, 326 Md. 367 (1992). This entails explaining both the applicable law and relevant factual considerations.
>
> Petitioner presents no evidence that trial counsel misled him during the qualifications for the guilty plea. Prior to the qualifications for the guilty plea, Petitioner's trial counsel, Mr. John Markus, stated that he did not understand the court's decision on the start of Petitioner's probation. <u>See</u> September 17, 1999, Qualifications for the Guilty Plea, Transcripts at 18. However, after an explanation by the court, Mr. Markus informed the court that he understood the court's decision. <u>Id</u> at 18-19. Trial counsel asked the court for a moment to explain to the Petitioner how the court's decision would affect the start date of Petitioner's probation. <u>Id</u> at 21.
>
> Mr. Markus testified at the post conviction hearing, that he had an off the record discussion with the Petitioner that his probation period would start once his parole period had ended. Mr. Markus stated that he encouraged the Petitioner to accept the plea agreement despite this unusual circumstance. During the post conviction hearing, Mr. Markus testified that normally the probation period starts at the conclusion of the incarceration period but he believed that it was not illegal or improper for the judge to specify when the probation period would start. Moreover, trial counsel stated that he told the Petitioner to accept the plea agreement because it was in his best interest.
>
> Following trial counsel's discussion with the Petitioner regarding his probation, he informed the court that he explained to the Petitioner how the probation will read and that the Petitioner was prepared to go forward with the qualifications for the guilty plea. During the qualifications for the guilty plea. Mr. Markus advised the Petitioner of the sentence he would receive if he pleaded guilty. <u>See</u> September 17, 1999 Qualification for the Guilty Plea, Transcripts at 27. The court also gave the Petitioner an opportunity to ask the court on the record or his trial counsel off the record any questions prior to the court's acceptance of his guilty plea. Transcripts at 32. After speaking with his trial counsel off the record, Petitioner decided to withdraw his guilty plea. <u>Id</u>.

11

Paper No. 18, Exhibit 26 at 7-12.

The post conviction court's findings are supported by the record and are neither contrary to nor involve an unreasonable application of federal law. See 28 U.S.C. §2254(d). The transcripts show that trial counsel explained the terms of the plea, including probation, to petitioner. Paper 18, Exhibit 6 at 21 & 32 . The sentence was explained and discussed in open court. Paper No. 18, Exhibit 6, at 8-32.

While in retrospect petitioner may have misgivings regarding his decision to withdraw his plea, there is nothing in the record to suggest he was provided ineffective counsel or otherwise misleading advice at the plea hearing. Mills has not sustained his burden under Strickland to show his trial counsel's action were constitutionally deficient.

D. Ineffective Assistance for Quoting Letters

The next claim is that trial counsel provided ineffective assistance by reading to the jury portions of two letters at closing argument. In regard to this claim, the state post-conviction determined:

> Petitioner has not overcome the presumption that under the circumstances the challenged action might be considered sound trial strategy. Petitioner has not presented any evidence that the alleged deficient act resulted in prejudice to his defense. Petitioner alleges that he was prejudiced by trial counsel reading the 'Red Dog' letter and the redacted portions of the 'JoJo' letter to the jury.
>
> A review of the trial transcripts indicates that Petitioner's trial counsel attempted to offer the jury an explanation of the portions of the 'JoJo' letter that were admitted into evidence by reading the redacted portions of the 'JoJo' letter and reading the 'Red Dog' letter during closing arguments. See September 22, 1999, Trial Transcripts at 134-152. Petitioner's trial counsel wanted the jury to adopt the defense's interpretation of the 'JoJo letter. Id. He wanted the jury to believe that the 'JoJo" letter was in essence the Petitioner telling his codefendant, Mr. Halcomb to tell the truth that the Petitioner did not have anything to do with the murder. Id. Petitioner has failed to prove that he was prejudiced. Therefore, there is no basis for

12

post conviction relief for Petitioner on this allegation.

An attorney's tactical decisions are entitled to deference and should not be second guessed, see Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977), unless it appears the attorney's performance was unreasonable under the circumstances, see Strickland, 466 U.S. at 690. Defense counsel's strategy here was the kind of tactical decision to which Strickland applies a presumption of reasonableness. Strickland, 466 U.S. at 689; Bell v. Cone, 535 U.S. 685, 698-702 (2002). The fact that the tactic was unsuccessful or that petitioner disagrees with his attorney's strategy does not establish ineffective assistance of counsel, Id at 689. There is no basis under 28 U.S.C. §2254(d) to disturb the ruling of the state post conviction court.

E. Ineffective Assistance for Failure to Obtain Writing Samples

Petitioner contends that trial counsel's failure to obtain handwriting samples from Carlos Halcomb and his wife, Amy Halcomb, constitutes ineffective assistance. At the post conviction hearing, trial counsel testified that the defense wanted to prove the "Jo-Jo" letter was altered, but it was not significant to defense strategy to prove that Carlos Halcomb or someone working on his behalf had made the alterations. Paper No. 18, Exhibit 25 at 11-12.

The state post conviction denied the claim, writing:

> Trial counsel testified at the post conviction hearing that he did not obtain handwriting samples from Mr. and Mrs. Halcomb because it was the defense's theory that Mr. Halcomb or someone acting on his behalf altered the letter. Mr. Markus stated that it was his intention to prove that the letter had been altered but that he wasn't necessarily trying to prove that Mr. Halcomb altered the letter. Based on his discussions with the defense's handwriting expert witness, Ms. Catherine Koppenhaber, he felt that as a result of only a few words in the letter being altered, it might not be possible to show who actually altered the letter. Additionally, Mr. Markus testified during the post conviction hearing, that he did not obtain handwriting specimens from Mr. Halcomb because Petitioner had informed him that Mr. Halcomb was illiterate. Moreover, Petitioner was not prejudiced by trial

13

counsel's refusal to obtain handwriting samples from Mr. and Mrs. Halcomb since Petitioner was able to adduce evidence that the letter was altered by someone other than him through the defense's handwriting expert, Ms. Koppenhaber.

Paper No. 18, Exhibit 26 at 14-17.

There is no basis here to conclude the state post conviction court's decision was an unreasonable application of Strickland as contemplated under 28 U.S.C. §2254(d). Petitioner fails to demonstrate how defense counsel's strategy was unreasonable under these circumstances and how this alleged deficiency prejudiced the outcome of the case. Under the deferential standard of review set forth at 28 U.S.C. §2254, there is no basis for federal habeas relief.

F. Ineffective Assistance for Failing to Challenge Testimony of Amy Halcomb

Petitioner argues that counsel was ineffective for failing to challenge the testimony of Amy Halcomb. In denying relief on this claim, the state post conviction court stated:

> ....Petitioner alleges that he was prejudiced by the failure of his trial counsel to avail himself of the right of cross-examination of Mrs. Amy Halcomb. Mrs. Halcomb testified twice during the course of Petitioner's trial but trial counsel did not cross-examine her. Petitioner has not overcome the presumption that under the circumstances trial counsel's failure to cross-examine Mrs. Halcomb might be considered sound trial strategy. Petitioner has asserted no facts that trial counsel's alleged deficient act prejudiced his defense. Mrs. Halcomb's testimony was harmless to the defense. She testified about where her husband lived, how often she saw him and whether she saw him the day of the murder or days following the murder. See September 20, 1999, Trial Transcripts at 190-193. Mrs. Halcomb also testified that she gave copies of the "JoJo" letter to the State and her husband's attorney after receiving it from her husband in the mail. See September 22, 1999, Trial Transcripts at 30.

Paper No. 18, Exhibit 26 at 17-18.

The determination of the state post conviction court is reasonable and entitled to deference under 28 U.S.C. §2254(d). The determination is consistent with and reasonable in light of the standard in Strickland, 466 U.S. at 668.

14

G. Ineffective Assistance for Failure to Produce Photograph of Mills

The next claim is that trial counsel provided ineffective assistance by failing to produce a photograph of petitioner before or during trial. The post conviction court denied the claim because petitioner failed to show how his photograph would have aided his defense. Paper No. 18, Exhibit 26 at 18-19.

> ... Trial counsel is required to present all evidence that is crucial to the defense. Bowers v. State, 320 Md. 416 (1990). Evidence is not required to be presented unless it shows that it would be helpful to the defense. Veney v. Warden, 259 Md. 437 (1970).
>
> Petitioner has failed to show how producing his photography [sic] at trial would have been helpful to his defense. There was testimony at trial that two potential witnesses were shown a photo array and neither of those two witnesses selected Petitioner's photography [sic]. See September 21, 1999, Trial Transcripts at 30. During the trial, Petitioner's trial counsel objected to the introduction of the photo array during Ms. Angela Phillips' testimony. Petitioner's trial counsel stated off the record at a bench conference that he did not want the photography [sic] shown to Ms. Phillips or the jury. See September 21, 1999, Trial Transcripts at 46. He was afraid that Ms. Phillips would have the opportunity to say yes, she had identified the Petitioner. Id. at 46. Petitioner has not overcome the presumption that under the circumstances trial counsel's failure to produce the Petitioner's photography [sic] might be considered sound trial strategy. Therefore, there is no basis for post conviction relief for Petitioner on this allegation.

Paper No. 18, Exhibit 26 at 18-19. As noted earlier, an attorney's trial strategy is entitled to deference and should not be second guessed, see Goodson, 564 F.2d at 1072, unless it appears the attorney's performance was unreasonable under the circumstances, Strickland, 466 U.S. at 690. Counsel's decision here was a reasonable trial strategy. There is no cause for federal habeas relief under 28 U.S.C. §2254(d).

H. Failure to Request Sequestration

Petitioner complains that his trial attorney rendered ineffective assistance because he failed

15

to request sequestration of witnesses in a timely manner.[7] As to this claim the the post conviction court determined:

> Petitioner has not presented any evidence to substantiate this allegation. A review of the trial transcripts shows no indication that Mr. Gast was present during the testimony of another witness at trial or that as an identification witness, he should have been excluded from the courtroom prior to trial. Mr. Robert Gast testified during the hearing on the motion to suppress identification that when he entered the courtroom a matter unrelated to Petitioner's case was taking place. See Trial Transcripts, September 16, 111 at 12. According to Mr. Gast's testimony, he was not present in court as a witness for the State, but as a family member of the victim observing the trial. Id at 12. He had been unable to identify anyone from a photo array prior to trial. Id at 13. Mr. Gast testified that the Petitioner and other people were sitting on the front bench when he entered the courtroom. Id at 13-14. Once he realized he recognized the Petitioner, he notified Detective John Thanner and then the State. Id at 13. Mr. Gast was immediately removed from the courtroom and sequestered as a witness. Id. at 13. Therefore, there is no basis for post conviction relief for Petitioner on this allegation.

Paper No. 18, Exhibit 26 at 19-20.

At trial, the court fully considered the circumstances surrounding Mr. Gast's recognition of petitioner at co-defendant Halcomb's hearing. Paper No. 18, Exhibit 5 at 3-32. On direct appeal, the Court of Special Appeals considered the question of Mr. Gast's testimony. Paper No. 18, Exhibit 14 at 10-12. Nothing in the record suggests that counsel acted unreasonably under these circumstances. As soon as the identification was made known, Mr. Gast was sequestered. Federal habeas relief is not warranted.

12. Failure to be Present at All Stages of Trial

The next claim is the post conviction court erred when it failed to find that petitioner was not present at all stages of trial. Specifically, petitioner complains that he was not present at bench

---

[7]Although petitioner generally contends that trial counsel erred by failing to sequester all witnesses, the substance of the claim concerns only the sequestration of John Gast. Paper No. 1, memorandum at 39-40.

conferences. As to this claim the state post conviction court stated:

> According to Maryland Rule 4-231, a defendant has the right to be present at all times when required by the court, at a preliminary hearing, and every stage of trial. A defendant is not entitled to be present at bench or chamber conferences involving arguments on questions of law. See Haley v. State, 40 Md. 349, 353. To sustain this allegation it must be shown (a) that the bench conferences were stages of the trial at which Petitioner had a right to be present, (b) that the Petitioner was not, in fact present, and (c) that the Petitioner did not wiave his right to be present. Id. at 351.
>
> Petitioner has failed to identify which bench conferences he was excluded from. A review of the trial transcripts indicates that the Petitioner was not present at a total of nineteen bench conferences. Of the nineteen bench conferences that the Petitioner was not present for, fifteen of them concerned arguments on questions of law. [Citations omitted.] Accordingly, Petitioner had no right to be present. Moreover, Petitioner was not prejudiced by his absences at the remaining four bench conferences because they involved requests for breaks and to set up video equipment.

[Citations omitted.]. Paper No. 18, Exhibit 26 at 20-21. Respondents point out that it is unclear whether the state court omitted review of the proceedings in regard to disqualification of juror number 7. Paper No. 18 at 51. The transcript, however, shows that when disqualification of juror number 7 was first raised, defense counsel discussed the matter with petitioner during the bench conference. Paper No. 18, Exhibit 8 at 30-33. Further, defendant and counsel were present and did not object when the court dismissed the juror. Id. at 144.

In Maryland, waiver of the right to be present at every stage of trial does not necessarily require a personal waiver by a defendant. See Williams v. State, 292 Md. 201, 217-20 (1981). "...if the defendant himself does not affirmatively ask to be present at such occurrences [juror disqualification] or does not express an objection at the time, and if his attorney consents to such absence or says nothing regarding the matter, the right to be present will be deemed to have been waived." Id. at 219-20. Even if the state court were in error here, it could have found that petitioner had waived his right to be present. If there was error, that it was harmless is supported by the record.

As to the remaining instances, the state court's findings of fact, presumed correct, are supported in the record. The state's adjudication neither resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

13.   Post Conviction Court Failed to Make Factual Findings

The final claim presented is the state post conviction court failed to make factual findings in regard to each claim. Errors and irregularities in post conviction proceedings are not grounds for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Petitioner's assertions to the contrary, the law does not provide for a claim of ineffective assistance based on the cumulative effect of alleged error. See Fisher v. Angelone, 163 F. 3d 835, 852-53. This claim is without merit.

**V. Conclusion**

For the reasons stated herein, the petition will be denied. A separate order follows.

_____
William D. Quarles, Jr.
United States District Judge